**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-22639-RAR**

MATTHEW S. ATTALLA, an individual; and
BOXR STUDIOS LLC, a Florida Limited Liability
Company,

        *Plaintiffs,*

vs.

MATTHEW LEE MORGAN, an individual;
MATTHEW LEE MORGAN as trustee of the
MATTHEW LEE MORGAN TRUST; CRAIG
BRIDGMAN, an individual; CAMBRIDGE
CAPITAL OF MIAMI, LLC, a Florida Limited
Liability Company; BOXR HOLDING, INC., a
Delaware Limited Liability Company; and BOXR
HOLDING, LLC, a Delaware Limited Liability
Corporation,,

        *Defendants.*

_____/

**DEFENDANTS' UNOPPOSED MOTION EXTENDING DEFENDANTS'**
**TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Pursuant to FRCP 6(b)(1)(a), Local Rule 7.1(a)(1)(J), and Your Honor's Part Rules of Civil

Procedure, Defendants Matthew Lee Morgan ("Morgan"), Matthew Lee Morgan as Trustee of the

Matthew Lee Morgan Trust under agreement dated September 26, 2018 (the "Trust"), Craig

Bridgman ("Bridgman"), Cambridge Capital of Miami, LLC ("Cambridge Capital"), BOXR

Holding Inc. ("BOXR Inc."), and BOXR Holding, LLC, a Delaware Limited Liability Corporation

("BOXR Holding" and collectively, "Defendants"), by and through their undersigned counsel,

respectfully moves this Court for an extension of Defendants' time to answer or otherwise response

to the Summons and Complaint filed by Plaintiffs Matthew S. Attalla ("Attalla") and BOXR

Studios LLC ("BOXR Studios" and together with Attalla, "Plaintiffs"), dated June 11, 2025 (the

"Complaint").  As grounds for this motion, Defendants state the following:

## I.  SERVICE OF THE COMPLAINT AND DEFENDANTS' CURRENT DEADLINE TO RESPOND

1.     On June 11, 2025, Plaintiffs filed the Complaint in this Court. (Dkt. 1.)

2.     On June 13, 2025, Cambridge Capital was served via its registered agent.

3.     On June 24, 2025, Morgan and the Trust were served.

4.     On June 25, 2025, counsel for Defendants agreed to accept service on behalf of all remaining unserved Defendants, provided that Plaintiffs agreed that all Defendants would have until July 21, 2025 to answer or otherwise respond to the Complaint. (Dkt. 7.)

5.     On July 2, 2025, the Court issued an order reflecting that BOXR Inc. was served on June 26, 2025, and holding that the date by which all Defendants are obligated to answer or otherwise respond to the Complaint shall be July 17, 2025.  (Dkt. 12.)

## II.  GOOD CAUSE EXISTS FOR DEFENDANTS' MOTION TO EXTEND THE DEADLINE TO RESPOND

6.     Under FRCP 6(b)(1)(a), "when an act may or must be done within a specified time, the court may, for cause, extend the time . . . with or without a motion or notice if the court acts, or if a request is made, before the original time or its extension expires."  FRCP § 6(b)(1)(a).

7.     Defendants' deadline to respond to the Complaint has not lapsed.

8.     "A timely motion to extend is reviewed for good cause . . . and should be liberally granted absent a showing of bad faith or undue prejudice." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017).  *See also Greene v. Ascend Performance Materials Inc.*, No. 3:23CV21637, 2025 WL 834752, at *1 (N.D. Fla. Feb. 3, 2025).

9.     Courts in this circuit frequently grant motions to extend a defendant's time to answer a complaint when made prior to the expiration of their initial time to do so.  *See Williams v. Dixon*, No. 1:23CV233, 2024 WL 5718551, at *1 (N.D. Fla. Oct. 2, 2024); *Smith v. Conner*,

2

No. 8:12-CV-52-T-30, 2013 WL 178974, at *1 (M.D. Fla. Jan. 17, 2013) (granting a motion to extend the time to answer a complaint even though made after the initial deadline).

10.     Here, good cause supports Defendants' request.  First, Defendants assisted Plaintiffs' efforts to serve the remaining, unserved Defendants, helping Plaintiffs reduce their litigation costs, and Plaintiffs will not be prejudiced by the nominal extension Defendants seek. Second, the extension is necessary as Defendants required time to coordinate the retention of local counsel prior to their deadline to answer or otherwise respond to the Complaint.

11.     Finally, Plaintiffs' counsel advised Defendants' counsel that they do not oppose Defendants' motion.

12.     For all these reasons, Defendants seek an extension of Defendants' time to respond to the Complaint from July 17, 2025 to July 21, 2025.

13.     The Court has not previously granted such an extension.

14.     For the foregoing reasons, Defendants request that the Court grant Defendants' motion, and enter an order extending the time for Defendants to answer or otherwise respond to the Complaint to July 21, 2025.

Dated: July 11, 2025

By: */s/ Jeffrey E. Marcus*
      Jeffrey E. Marcus
      Fla Bar No. 310890

**MARCUS NEIMAN RASHBAUM**
**& PINEIRO LLP**
2 South Biscayne Boulevard, Suite 2530
Miami, Florida 33131
T: (305) 400-4262
jmarcus@mnrlawfirm.com

3

**FEUERSTEIN KULICK LLP**

By: */s/ David Feuerstein*
David Feuerstein (pro hac vice forthcoming)
William Travis (pro hac vice forthcoming)
Christopher Alexander (pro hac vice forthcoming)
420 Lexington Avenue, #2024
New York, NY 10170
T: (646) 768-0588
David@dfmklaw.com
William@dfmklaw.com

*Counsel for Defendants*

4

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 11, 2025, a true and correct copy of the foregoing motion

was served via CM/ECF on all counsel or parties of record.

By:   <u>/s/ Jeffrey E. Marcus</u>
Jeffrey E. Marcus

5