**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Docket No. 1:25-cv-22639-RAR**

MATTHEW S. ATTALLA, an individual; and
BOXR STUDIOS LLC, a Florida Limited Liability
Company,

      Plaintiffs,

v.

MATTHEW LEE MORGAN, an individual;
MATTHEW LEE MORGAN as trustee of the
MATTHEW LEE MORGAN TRUST; CRAIG
BRIDGMAN, an individual; CAMBRIDGE
CAPITAL OF MIAMI, LLC, a Florida Limited
Liability Company; BOXR HOLDING, INC., a
Delaware Limited Liability Company; and BOXR
HOLDING, LLC, a Delaware Limited Liability
Corporation,

      Defendants.

_____/

## PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiffs, Matthew S. Attalla and BOXR Studios LLC (collectively "Attalla"), by and through their undersigned counsel and pursuant to Rule 12(f), Federal Rule of Civil Procedure, hereby file their Motion to Strike the Affirmative Defenses asserted by Defendants Matthew Lee Morgan, individually and as trustee, Craig Bridgman, Cambridge Capital of Miami, LLC, BOXR Holding, Inc. and BOXR Holding, LLC (collectively "Defendants"). Defendants assert 14 bare-bones, conclusory affirmative defenses that are untethered to any count, allegation or legal basis in the Complaint. There are no factual allegations that provide fair notice of the nature of the defenses or the grounds upon which the defenses rest. None of the defenses meet the general pleading requirements of Rule 8(a) to set forth a short and plain statement of the defense.

Accordingly, the affirmative defenses properly should be stricken.

## MEMORANDUM OF LAW

### I.      Legal Standard

An affirmative defense is a defense that "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (citing *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)). Rule 12(f) permits a court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[A]ffirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations." *Vineland Pointe Owner, LLC v. First Bank*, No. 9:24-cv-81217-LEIBOWITZ/MCCABE, 2025 WL 857780, at *2 (S.D. Fla. Feb. 20, 2025); *see Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.,* No. 04-60861-CIV-MARTINEZ, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair*, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002)). Courts "should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

"'Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a)' to set forth 'a short and plain statement of the defense.'" *Intec, Inc. v. Monster Cable Prod., Inc.*, No. 10-22772-CIV, 2012 WL 13008748, at *2 (S.D. Fla. Mar. 12, 2012), R&R adopted, No. 10-22772-CIV, 2012 WL 13008749 (S.D. Fla. Mar. 30, 2012) (quoting *Pujals v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011)). "Rule 8 does not obligate

a defendant to set forth detailed factual allegations; instead, a defendant must give the plaintiff '*fair notice*' of the nature of the defense *and the grounds upon which it rests*." *Lalusis v. NCL (Bahamas) Ltd.*, No. 24-CV-21354, 2024 WL 3183238, at *2 (S.D. Fla. June 26, 2024) (emphasis supplied) (citations and internal quotation marks omitted). Specifically, "[w]hile 'an affirmative defense does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Intec, Inc.*, 2012 WL 13008748 at *2 (quoting *Mid-Continent Cas. Co. v. Active Drywall S., Inc.*, 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011)).

Applying the "fair notice" pleading standard here, all fourteen of Defendants' one-line affirmative defenses fail to refer to a particular count and, thus, all fail to pass muster. They are simply a generic list of defendant-friendly conclusions that, theoretically, could be reached in the instant dispute. None of the defenses identify the grounds upon which they rest. None of the defenses contain any supporting factual allegations. None of the defenses are anything more than labels, which do not even include a formulaic recitation of the elements of a cause of action. All the defenses are conclusory in nature, lack not only necessary detail, but any detail, and are legally insufficient as pleaded.

II.     **The Shotgun Pleading of Affirmative Defenses are Insufficient as a Matter of Law**

Shotgun pleading of affirmative defenses are "'affirmative defenses address[ing] the complaint as a whole, as if each count was like every other count,' instead of each defense being directed at specific counts in the complaint." *Daley v. Scott*, 2016 WL 3517697, at *4 (M.D. Fla. June 28, 2016 (quoting *Byrne*, 261 F.3d at 1139)). "In addition to pleading some facts tying the allegations in the complaint to the affirmative defenses asserted, a defendant must 'identify the [specific] claim to which [each] defense applies.'" *Daley v. Scott*, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *4 (M.D. Fla. June 28, 2016) (quoting *Lee v. Habashy*, No.

3

6:09CV671ORL28GJK, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009)). "A court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Watkins Underwriters at Lloyd's Syndicate 457 v. Blue Illusions Ltd.*, No. 17-20272-CIV-GRAHAM, No. 16-25024-CIV-GRAHAM, 2017 WL 7792604, at *2 (S.D. Fla. July 17, 2017) (quoting *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015)).

Shotgun pleading of defenses are disfavored for the confusion and burdensome litigation it tends to cause. *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001), abrogated on other grounds as recognized by, *Nurse v. Sheraton Atlanta Hotel*, 618 Fed. Appx. 987, 990 (11th Cir. 2015). *See also Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) ("[A] court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." (citations omitted)).

Here, Defendants have asserted a shotgun pleading of all 14 affirmative defenses. They do not respond to any particular count, allegation or legal basis. *See Tsavaris*, 310 F.R.D. at 682. The defenses are all bare-bone conclusions of law without *any* supporting facts, failing to give BOXR "fair notice' of the defenses Defendants intend to raise and develop in this case.

## III.   The Court Properly Should Strike Defendants' Affirmative Defenses

### A.   First Affirmative Defense: Documentary Evidence

For their first affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by documentary evidence." [D.E. 15, p. 14 ¶ 1]. "Documentary evidence" is not an affirmative defense. Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give a plaintiff "fair notice" of the nature of the defense and the

4

grounds upon which it rests. *Twombly*, 550 U.S. at 553. Here, Defendants do not allege what "documentary evidence" allegedly bars Plaintiffs claims which in turn fails to provide Plaintiffs with fair notice of any type of defense. Moreover, at best, this defense is nothing more than a simple denial.

### B.      Second Affirmative Defense: Unclean Hands

For their second affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands." [D.E. 15, p. 14 ¶ 2]. The doctrine of unclean hands contains two requirements. First, the defendant must "demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted." *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993) (citing *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)). "[W]e're talking *really* directly related ... It is, in essence, the reason for the lawsuit." *Elof Hansson Paper & Bd., Inc. v. Caldera*, No. 11-20495-CV, 2012 WL 12865853, at *6 (S.D. Fla. Apr. 26, 2012) (emphasis in original) (quoting *Gastaldi v. Sunvest Resort Cmtys., LC*, No. 08-62076, 2010 WL 457243, at *9 (S.D. Fla. Feb. 3, 2010)). Second, even if the plaintiff's wrongdoing is directly related, the "plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct." *Calloway*, 986 F.2d at 450–51 (citing *Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), cert. den., 445 U.S. 917 (1980)).

Here, Defendants fail to identify any specific wrongdoing that allegedly is "*really* directly related" to any claim in the Complaint. Instead, they simply conclude that the Complaint is barred by unclean hands, which does not provide Plaintiffs with fair notice of the defenses asserted against them. *See Gastaldi*, 2010 WL 457243, at *8-11 (collecting precedent and noting that "[i]t is not enough that the unclean-hands conduct is the same kind of conduct as the matter in litigation . . .

5

[or] involves the same overall transaction . . .").

### C.      Third Affirmative Defense: Waiver

For their third affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver." [D.E. 15, p. 14 ¶ 3]. The elements of waiver are "(1) the existence at the time of the waiver of a right, privilege, advantage, or benefit [that] may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right." *Dantzler, Inc. v. PNC Bank, Nat. Ass'n*, 946 F. Supp. 2d 1344, 1367 (S.D. Fla. 2013); *Mid-Continent Cas. Co. v. Basdeo*, 742 F. Supp. 2d 1293, 1330 (S.D. Fla. 2010). Defendants fail to set forth any facts to support this defense. What have Plaintiffs allegedly waived? And when? This defense does not provide Plaintiffs with fair notice of the nature of the defense.

### D.      Fourth Affirmative Defense: Unconscionability

For their fourth affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by the doctrine of unconscionability." [D.E. 15, p. 14 ¶ 4].

"Unconscionability refers to a concept that courts utilize to prevent the overreaching by one party to gain 'an unjust and undeserved advantage which it would be inequitable to permit him to enforce.'" *BRE Mariner Marco Town Center, LLC v. Zoom Tan, Inc.*, No: 2:15-cv-284-FtM-29CM, 2016 WL 1704197, at *9 (M.D. Fla. April 28, 2016) (quoting *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1157 (Fla. 2014) (citation omitted)). There are two types of unconscionability: procedural and substantive. "The absence of meaningful choice when entering into the contract is often referred to as procedural unconscionability, which relates to the manner in which the contract was entered, and the unreasonableness of the terms is often referred to as substantive unconscionability, which focuses on the agreement itself." *BRE Mariner*, 2016 WL 1704197 at *9 (quoting *Basulto*, 141 So.3d at 1157)).

Here, neither the Complaint nor the Counterclaim set forth a claim for breach of contract, and Defendants fail to identify what was allegedly unconscionable. To the contrary, the Answer and Counterclaim are replete with allegations of Defendants' superiority, wealth and business acumen.

**E.      Fifth Affirmative Defense: Plaintiffs' Acts and/or Omissions**

For their fifth affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own acts and/or omissions." [D.E. 15, p. 15 ¶ 5]. This "bare-bones" statement without facts linking it to any allegations in the Complaint does not give Plaintiffs "fair notice as to the basis of" the defense. *See Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1191, 1195 (S.D. Fla. 2019); *Mad Room, LLC v. City of Miami*, No. 21-cv-23485-ALTMAN/Reid, 2024 WL 2776173, at *2 (S.D. Fla. May 30, 2024) (requiring affirmative defenses to give "fair notice of the defense and the grounds upon which it rests). For that reason, it does not allow Plaintiffs to be "prepared to properly litigate" their case. *See Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). The Fifth Affirmative Defense does not satisfy the general pleading requirements of Rule 8 and should be stricken. Again, this purported defense is nothing more than a denial.

**F.      Sixth Affirmative Defense: Failure to State a Claim**

For their sixth affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by their failure to state a claim." [D.E. 15, p. 15 ¶ 6]. As this Court has explained, however, failure to state a claim "does not constitute a recognized affirmative defense and is essentially a barebones denial." *Dierdorf v. Advanced Motion Therapeutic Massage, Inc.*, No. 19-CIV-62609-RAR, 2020 WL 12814849, at *1 (S.D. Fla. April 20, 2020) (collecting cases) (striking

with prejudice the affirmative defense of "failure to state a claim upon which relief can be granted."). *See also GPM Indus., Inc. v. U.S. Citizenship & Immigr. Servs.*, No. 21-CIV- 24007, 2022 WL 4181544, at *2 (S.D. Fla. Sept. 13, 2022) (failure to state a claim "is not an affirmative defense" but is, rather, a "defect in a party's claim"); *Boom Funded, LLC v. Aeva, LLC*, No. 24-CV-23649-BLOOM/Elfenbein, 2025 WL 919573, at *6 (S.D. Fla. March 11, 2025) (striking affirmative defense that the "Complaint fails to state a claim"), R&R adopted 2025 WL 915590 (S.D. Fla. March 26, 2025).

### G.     Seventh Affirmative Defense: Prior Breach of Agreement and/or Venture

For their seventh affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by virtue of their own breaches of the agreements and/or venture between the parties." [D.E. 15, p. 15 ¶ 7]. This conclusory assertion fails to satisfy the requirements of Rule 8, Fed. R. Civ. P. Defendants do not identify what "agreements" were breached, how the unidentified agreements were breached or why Defendants' performance was excused. Moreover, Defendants have failed to allege how it is even possible for a "venture" to be breached. As such, the defense does not provide any information to allow Plaintiffs to respond to the defense. *See Adams*, 294 F.R.D. at 672 (striking defense that "[a]ny alleged breach of contract by the Defendant was excused by the prior breach of the alleged contract by Plaintiff.").

### H.     Eighth Affirmative Defense: Unjust Enrichment

For their eighth affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by the doctrine of unjust enrichment." [D.E. 15, p. 15 ¶ 8]. Unjust enrichment is not a defense, it is a theory of recovery. *See EmCyte Corp. v. XLMedica, Inc.*, 2022 WL 20287967, at *2 (M.D. Fla. Nov. 23, 2022) (collecting cases and striking unjust enrichment affirmative defense); *Pacific Ins. Co. Ltd. v. Aviara Homeowners Ass'n, Inc.*, No.: 10–80277–CIV–

COHN/SELTZER, 2010 WL 11561154, *6 (S.D. Fla. Oct. 22, 2010) (concluding, under the facts of the case, that "unjust enrichment, like bad faith, is a cause of action rather than an affirmative defense."). Moreover, the grounds for assertion of the defense are not stated and, as pled, it does not give fair notice of the legal and factual basis for the defense.

###### I.      Ninth Affirmative Defense: Lack of Damages

For their ninth affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by a lack of damages." [D.E. 15, p. 15 ¶ 9]. Lack of damages is a specific denial, not an affirmative defense. *See Hallmark Ins. Co. v. Maxum Cas. Ins. Co.*, No: 6:16-cv-2063-Orl-37GJK, 2017 WL 3037637, *3 (M.D. Fla. June 27, 2017). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In Re Rawson Food Service, Inc.*, 846 F.2d at 1349. *See also Gent Row, LLC v. Truist Financial Corp.*, No: 9:22-cv-80684-WPD, 2022 WL 18466244, *2 (S.D. Fla. Nov. 21, 2022) (striking defense of "[n]o actual damages" because it points out a defect in plaintiff's *prima facie* case and is "not an affirmative defense.") (collecting cases).

###### J.      Tenth Affirmative Defense: Statute of Limitations

For their tenth affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations." [D.E. 15, p. 15 ¶ 10]. This conclusory defense fails to identify which causes of action are barred by the statute of limitations, which limitations periods are at issue or what facts are relied upon to assert such a defense. As a result, it fails to comply with the pleading requirements of Rule 8 and fails to provide Plaintiffs with fair notice of the nature of the defense and the grounds upon which it rests.

### K.      Eleventh Affirmative Defense: Doctrine of Laches

For their eleventh affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches." [D.E. 15, p. 15 ¶ 11]. The elements of laches are: "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Milgram v. Chase Bank USA, N.A.*, 2020 WL 3791609, at *4 (S.D. Fla. July 6, 2020) (quoting *Venus Lines Agency, Inc. v. CVG Int'l Am., Inc.*, 234 F.3d 1225, 1230 (11th Cir. 2000)). Here, this affirmative defense does not contain any necessary element of laches and, thus, fails to give fair notice of the legal and factual basis for the defense. Moreover, even scouring the Answer for facts and giving Defendants every benefit of the doubt, there is no basis on which to assert such a defense.

### L.      Twelfth Affirmative Defense: Fraudulent Conduct

For their twelfth affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' fraudulent conduct." [D.E. 15, p. 15 ¶ 12]. This is nothing more than a bare-bones legal conclusion that fails to include any supporting factual allegations. *See, e.g., Am. Univ. of Caribbean v. Tien*, 2009 WL 10669113, at *1 (S.D. Fla. Nov. 16, 2009). The Federal Rules of Civil Procedure require a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A fraud-based claim or defense must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [party asserting the fraud-based claim]; and (4) what the [opposing party] gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *see also Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co.*, No. 11-21163-CIV, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012).

10

This defense fails to identify any representation made, who made the representation, to whom the representation was made, and the way in which Defendants were allegedly mislead, the time or place of the alleged fraudulent conduct, or what Plaintiffs gained by the alleged fraud. Rather the defense is nothing more than a conclusory statement without reference to any specific allegations and fails as a matter of law.

### M.      Thirteenth Affirmative Defense: Estoppel

For their thirteenth affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel." [D.E. 15, p. 15 ¶ 13]. "Judicial estoppel is an equitable doctrine, invoked at the discretion of the court, and aimed at preventing 'the perversion of the judicial process' by prohibiting the 'parties from changing positions according to the exigencies of the moment.' … Under the doctrine, 'a party is precluded from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'" *U.S. v. All Funds in the Account of Prop. Futures, Inc.*, 820 F. Supp. 2d 1305, 1335 (S.D. Fla. 2011) (citations omitted).

Here, Defendants fail to identify any previous legal proceeding in which Plaintiffs asserted a claim that is inconsistent with any claim in the Complaint. Nor have they identified any statements made under oath, by the Plaintiffs, that is inconsistent with any claim in the Complaint. This defense fails as a matter of law.

### N.      Fourteenth Affirmative Defense: Failure to Mitigate

For their fourteenth affirmative defense, Defendants assert: "Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages." [D.E. 15, p. 16 ¶ 14]. "A defendant alleging a duty to mitigate affirmative defense must assert how the plaintiff has failed to mitigate damages." *Bowes v. Haymore*, No. 13-14304-CIV, 2014 WL 12862646, at *2 (S.D.

Fla. July 9, 2014). This, Defendants have not done. Here, Defendants have utterly failed to "provide any factual support" or "reference any specific ways the Plaintiff[] failed to mitigate damages." *Id.* No matter the pleading standard, this bare-bones and conclusory defense is plainly insufficient and should be stricken. *Bourhis v. MY Trade LLC*, No. 1:15-CV-22674-KMM, 2016 WL 2622350, at *1 (S.D. Fla. May 9, 2016).

WHEREFORE, Plaintiffs, Matthew S. Attalla and BOXR Studios LLC, respectfully request that this Court enter an order striking all 14 affirmative defenses asserted by the Defendants, Matthew Lee Morgan, individually and as trustee, Craig Bridgman, Cambridge Capital of Miami, LLC, BOXR Holding, Inc. and BOXR Holding, LLC, and granting such other and proper relief as the Court deems necessary and appropriate.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive
Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Eric D. Isicoff
Eric D. Isicoff
Florida Bar No. 372201
Isicoff@irlaw.com
Teresa Ragatz
Florida Bar No. 545170
Ragatz@irlaw.com
Catherine A. Mancing
Florida Bar No. 23765
Mancing@irlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this <u>11th</u> day of August 2025, upon the following:

Marcus Neiman Rashbaum & Pineiro LLP
Jeffrey E. Marcus, Esq.
2 S. Biscayne Boulevard, Suite 2530
Miami, Florida 33131
Tel.: (305) 400-4262
E-mail: jmarcus@mnrlawfirm.com

Fuerstein Kulick LLP
David Feuerstein, Esq.
William Travis, Esq.
Christopher Alexander, Esq.
420 Lexington Avenue, 20th Floor
New York, New York 10170
(646) 768-0591
E-mail: david@dfmklaw.com
william@dfmklaw.com
calexander@dfmklaw.com

By: /s/Eric D. Isicoff
      Eric D. Isicoff